IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       No. CR 08-0784 JB

IGNACIO VILLALOBOS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Appeal of Magistrate's Detention Order and Request for Expedited Hearing Prior to April 22, 2008 in Albuquerque, New Mexico, filed April 11, 2008 (Doc. 45)("Motion").  The Court held a hearing on April 16, 2008.  The primary issue is whether the Court can fashion a combination of conditions that minimizes the risk of nonappearance and risk of danger to the community that Defendant Ignacio Villalobos' pre-trial release would present.  The Court will conduct an expedited hearing, but will hold the hearing in Las Cruces, New Mexico.  And because the Court  believes that it can fashion conditions that minimize the risk of nonappearance and the risk of danger, the Court will vacate the Honorable Carmen Garza, United States Magistrate Judge's Detention Order and enter a release order that imposes conditions of release.

## PROCEDURAL BACKGROUND

Isabel Davilla, a United States Probation Officer in Las Cruces, prepared a Pre-Trial Services Report ("PTSR").  See PTSR (dated February 5, 2008).  The PTSR notes that Mr. Villalobos became a United States citizen in 1992 and has four children with his wife, Selma Villalobos.  See id. at 1.

The children are ages twenty-three, twenty-one, nineteen, and sixteen.  See id.  The PTSR also states that Mr. Villalobos has four siblings in Tijuana, Mexico.  See id. The PTSR further notes that Mr. Villalobos visits Mexico approximately once a year.  See id.

Regarding prior criminal history, the PTSR notes that "research of local records and the National Crime Information Center (NCIC) database reveal the following offense history: the defendant has several traffic citations for speeding, driving while license is Suspended, and no insurance, which all obligations have been met on these citations." Id. at 3.  Mr. Villalobos contends that, based on 166 pages of discovery that the United States has provided to his counsel, it appears that he has not been entered into the Narcotics and Dangerous Drugs Information System.  See Motion ¶ 8, at 3.

The PTSR concludes that Ms. Villalobos is a suitable third-party custodian.  See PTSR at 3.  The PTSR recommends Mr. Villalobos' release on an unsecured $5,000.00 bond, that he be released to Ms. Villalobos as his third-party custodian with conditions that he maintain or actively seek employment, that his travel be restricted to New Mexico, and that this travel restriction can be expanded to within the United States with Pre-Trial Services' authorization only if necessary.  See id.  The PTSR also contains the condition that Mr. Villalobos refrain from the use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner, and that he be subject to drug testing and treatment by Pre-Trial Services, at its discretion.  See id. at 3.

The PTSR lists Mr. Villalobos' once-per-year travel to Mexico and his ties to Mexico as the only risk of non-appearance.  See id. at 2.  The only risk of danger to the community noted in the report is the nature of the offense.  See id.

On February 7, 2008, Villalobos appeared for his detention hearing.  See Clerk's Minutes

at 1, filed February 7, 2008 (Doc. 33). At the detention hearing, Special Agent Janet Johnson of the Federal Bureau of Investigation testified regarding her review of law-enforcement reports in which an unidentified informant and Mr. Villalobos' co-Defendants allegedly implicated Mr. Villalobos in a conspiracy to possess with intent to distribute approximately twelve pounds or more of methamphetamine. See id.; Motion ¶ 2, at 1-2. It was also alleged that Mr. Villalobos indicated to the unidentified informant in an unmonitored, unrecorded conversation that Mr. Villalobos had a role in supporting the two persons alleged to be fugitives in Mexico. See Motion ¶ 2, at 1-2.

Mr. Villalobos contends that, at the Detention Hearing, it was made clear that he was never found in actual possession of any methamphetamine or any other illegal drugs, nor was there any other physical evidence tying Mr. Villalobos to methamphetamine or other illegal drugs. See id. ¶ 3, at 2. Mr. Villalobos' previous counsel of record cross-examined Johnson at the detention hearing regarding the sufficiency of the evidence for detention, but did not present evidence showing how any presumption to detain had been overcome. See id. ¶ 9, at 3. Mr. Villalobos represents that the United States objected to the Pre-Trial Services' recommendation. See id. ¶ 10, at 3.

Judge Garza issued an Order of Detention and detained Mr. Villalobos. See Order of Detention Pending Trial, filed February 7, 2008 (Doc. 34)("Order of Detention"). Judge Garza did not, however, make any findings of fact in her Order, entered on February 7, 2008, that required Mr. Villalobos' detention. In the written statement of reasons for detention, Judge Garza's only finding is that "I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(a preponderance of the evidence that _____." Order of Detention at 1 .

After the detention hearing, Mr. Villalobos' new counsel of record, Mr. David C. Serna, and Ms. Villalobos learned that Mr. Villalobos fathered another child by the name of Aaliyah Villalobos,

who is approximately one-year old.  See Motion ¶ 11, at 4.  The mother of that child is Adrianna Matthews, who resides in Roswell, New Mexico.  See id.  Ms. Villalobos continues to be willing to serve as third-party custodian for Mr. Villalobos.  See id.  Mr. Villalobos desires to reside in Roswell at the family home of 419 South Monroe Street.  See id.

Mr. Villalobos very recently learned that Aaliyah has been diagnosed with a very serious, life-threatening kidney problem requiring very delicate and possibly life-threatening surgery.  See id. ¶ 12, at 4.  Mr. Serna has obtained medical records for Aaliyah and a letter written by Aaliyah's treating physician, Ismael Zamilpa, MD, Assistant Professor of Surgery, Division of Urology, University of New Mexico School of Medicine in Albuquerque.  See id.  Dr. Zamilpa's letter informs that Aaliyah and her family are scheduled to return to Albuquerque on April 22, 2008, to discuss surgery in detail and to fill out the paperwork necessary for surgery, which will take place on May 1, 2008.  See id.

Dr. Zamilpa's letter states:

> I believe it is important for her father and mother to be present during our pre-operative visit in order for us obtain consent.  I would like to be able to discuss benefits as well as potential risks with her parents, and be able to answer any questions or concerns that may arise.  Following surgery, Aaliyah will be admitted to the Children's Hospital for two or three days.  This will be a time of significant stress for the family, their support and well being will be an important part of her recovery.  Caring for this child as a single parent may be difficult.  We ask for your assistance in order for her father to be a part of this process.  Any help you can provide to this wonderful child will be greatly appreciated.  Please feel free to contact us with any questions.

Motion ¶ 14, at 5-7; Letter from Ismael Zamilpa, M.D., Assistant Professor of Surgery, Division of Urology, The University of New Mexico (dated March 31, 2008).

Before filing his appeal and motion on Friday, April 11, 2008, Mr. Villalobos' counsel contacted the United States' counsel, Renee Camacho, an Assistant United States Attorney,

-4-

regarding his requests.  See Motion ¶ 1, at 1.  Mr. Villalobos represents that the United States was fully aware of the contents of his appeal and requests before he filed his appeal.  See id.  Mr. Villalobos represents that the United States made clear its opposition to any charge in his release status, but did not indicate any opposition to an expedited hearing in Albuquerque, New Mexico. See id.

Mr. Villalobos appeals the Order of Detention and requests that the District Court conduct a de novo review.  See Motion at 1.  Mr. Villalobos also requests an expedited hearing before Tuesday, April 22, 2008 to be held at the United States District Court located in Albuquerque, New Mexico.  See id.  Mr. Villalobos requests an expedited hearing to occur before April 22, 2008, the date currently scheduled for him to be present with Aaliyah's mother for a pre-operative visit to obtain consent after discussing all of the benefits and risks of surgery.  See id. ¶ 17, at 5-6.  Mr. Villalobos requested in his appeal and motion that the hearing take place in Albuquerque in the event that sworn testimony from Dr. Zamilpa becomes necessary.  See id. ¶ 16, at 5.

On the same day that Mr. Villalobos filed his appeal and motion, Mr. Serna's staff contacted the Court's Courtroom Deputy Clerk ("CRD") and advised that Mr. Serna would not be available for any hearing on April 18, 2008.  On Monday, April 14, 2008, the Court's CRD advised Mr. Serna that April 18, 2008 was a busy day for the Court, that it would take three-to-four days for the United States Marshal's Service to move Mr. Villalobos from Las Cruces to Albuquerque, that Ms. Camacho would not be have an Assistant United States Attorney in Albuquerque handle the hearing, that Ms. Camacho would travel to Albuquerque for the hearing, and that the Judge would be in Las Cruces on April 16, 2008 for a juvenile sentencing and violation of supervised release for two other defendants.  Mr. Serna was appreciative that the Court would set the hearing so soon, asked that the Court set the hearing for the afternoon in Las Cruces, and advised the Court's CRD that he needed

one-half hour, maximum, for the hearing.

At the April 16, 2008 hearing, the United States contended that the surgery of Mr. Villalobos' daughter is not "a reason to let him out in and of itself." Transcript of Hearing (taken April 16, 2008)("Tr.") at 4:13-15 (Camacho).[1] The United States noted that it was more concerned about the risk of nonappearance. See id. at 7:2-7 (Court & Camacho). The United States represented that agents "have done several search warrants on different properties owned by Mr. Villalobos, that he has [and] when things get hot he runs to Mexico." Id. at 10:6-9 (Camacho). The United States noted that Mr. Villalobos did not reveal to Pre-trial Services that he was living separately from his wife and had Matthews as his girlfriend. See id. at 11:1-7 (Camacho). The United States contended that Villalobos' wife cannot "possibly be [an] . . . appropriate third-party custodian." Id. at 11:8-9 (Camacho).

The United States stated that Mr. Villalobos' placement into a halfway house would not alleviate its concerns about flight risk, because halfway houses are not lockdown facilities. See id. at 12:3-5 (Camacho). The United States noted that electronic monitoring cannot stop someone who is monitored once they are traveling. See id. at 12:7-8 (Camacho).

The United States suggested, as an alternative, that the marshals accompany Mr. Villalobos to his meeting with Aaliyah's surgeon. See id. at 12:9-13:2 (Camacho). The United States contended that Mr. Villalobos is allegedly supporting two people in Mexico to keep them quiet about his alleged drug involvement. See id. at 21:10-25 (Court, Serna & Camacho). The United States argued that its case against Mr. Villalobos is strong. See id. at 29:24-31:5 (Camacho). The United States asserted that Mr. Villalobos is forty-four years old and is looking at approximately

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

fifteen years in jail.  See id. at 35:6-9 (Camacho).

Mr. Serna represented that one of the individuals that Villalobos was allegedly supporting in Mexico turned himself in to the authorities.  See id. at 23:15-24 (Serna).  Mr. Villalobos noted that he has been married to his wife for twenty-three years.  See id. at 16:5-7 (Serna).  Mr. Villalobos contended that the "weight of the Government's evidence is illusory and . . . they're keeping their fingers crossed  . . . and hoping it will turn out."  Id. at 23:25-24:3 (Serna).  Mr. Serna represented that Mr. Villalobos' wife supports him and is still willing to be a third-party custodian so that Mr. Villalobos can maintain a relationship with his children and grandchildren.  See id. at 24:25-25:1-3 (Serna).  Mr. Villalobos argued that the reason he did not tell Pre-trial Services about Aaliyah was because he really loves his wife, did not want to jeopardize his relationship, and that he expected that information would all be disclosed at a detention hearing if he told Pre-trial Services.  See id. at 27:14-18 (Serna).  Mr. Villalobos represented that he is a self-employed construction worker.  See id. at 28:8-9 (Serna).  Mr. Villalobos acknowledged that he makes $3,000.00 to $4,000.00 a month through his employment.  See id. at 29:1-10 (Court & Serna).

## ANALYSIS

Mr. Villalobos asks the Court to fashion conditions that will allow him to be present both for the pre-operative visit on April 22, 2008, and for the surgery and recovery that will occur on May 1, 2008, and the days which follow.  Mr. Villalobos agrees to any condition the Court might impose, such as electronic monitoring with global positioning, daily pre-trial visits to Albuquerque Pre-Trial Services, and supervision by Pre-Trial Services.  Mr. Villalobos also consents to either home detention or electronic monitoring with possible global positioning, and to pre-trial supervision while residing at the family home in Roswell.

### 1.     Risk of Nonappearance.

It is significant and important that Ms. Villalobos and Matthews remain supportive of Mr. Villalobos and united with him, particularly during this time of medical crisis for Aaliyah. This period of time will be exceedingly difficult for Mr. Villalobos' family and especially for Aaliyah. The Court notes that Mr. Villalobos is a naturalized citizen and his ties to Roswell, to his family, and to his property overwhelm his ties to Mexico. Mr. Villalobos is a United States citizen which reduces the risk of him returning to Mexico and remaining there for the rest of his life.

While the Court is concerned about Mr. Villalobos' honesty to the Court regarding his relationship with Matthews and the existence of Aaliyah, Pre-trial Services tells defendants that the information they give to Pre-trial Services will be verified. Although the information presented to the Court is always confidential, Mr. Villalobos knew that Pre-trial Services would call his wife and tell his wife that he had been engaged in an affair and had fathered a child. While this reality does not excuse the situation, it also does not undercut the other factors favoring nondetention.

**2.      Risk of Danger to the Community.**

A grand-jury indictment is sufficient to establish a finding of probable cause that the defendant committed a federal-drug offense with a maximum prison term of ten years or more. See United States v. Silva, 7 F.3d 1046 (Table), 1993 WL 394873 at *1 (10th Cir. October 7, 1993)("The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more."). Mr. Villalobos was indicted on April 17, 2008. See Indictment, filed April 17, 2008 (Doc. 50). While the Court finds that Villalobos is subject to the presumption in favor of detention pending a trial for violation of the Controlled Substances Act and faces sentences of ten years or more, this presumption can be overcome.

The Court believes that Mr. Villalobos has overcome any presumption in his case. "The

defendant's burden of production is not heavy, but some evidence must be produced." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). The burden remains on the United States to prove that no conditions can make the risks of nonappearance or of danger to the community manageable.

The Court can eliminate or largely mitigate any concern about confidential informants and their safety. The Court acknowledges that the evidence in this case against Mr. Villalobos is strong, and the Court takes seriously the risk of Mr. Villalobos' nonappearance and the risk of danger to the community; however, the Court believes those risks are reduced by bringing Villalobos to Albuquerque. The Court will order Mr. Villalobos to reside in a halfway house in Albuquerque. Although there will not be electronic monitoring at the halfway house, he will be locked down in the halfway house for at least the first thirty days. Because Mr. Villalobos will be in a halfway house, he will be accompanied by halfway house personnel to the doctors' appointments and will return to the halfway house after his appointments. Mr. Villalobos will remain under Pre-trial Services' supervision.

The Court will also require Mr. Villalobos to post a $15,000.00 bond. The Court will require that 10% of the bond be paid in cash to the Court. Mr. Villalobos' wife will cosign the remainder of the bond. After Mr. Villalobos has been in the halfway house for thirty days, he will actively seek and maintain employment. His travel is restricted to Bernalillo County and he will not leave Bernalillo County, for anything other than court appearances. Pre-trial Services is authorized to expand Mr. Villalobos' ability to travel within New Mexico and, if necessary, the United States. Without approval from Pre-trial Services, however, Mr. Villalobos is not to return to Roswell, New Mexico. Mr. Villalobos will refrain from the use or unlawful possession of any narcotic drug or other controlled substance as defined by 21 U.S.C. § 802, unless prescribed by a licensed medical

practitioner.  Mr. Villalobos will submit to drug testing and treatment at the discretion of Pre-trial

Services.  Mr. Villalobos is not to have any contact -- verbally, telephonically or in person, or

through other people -- with anyone other than Matthews and Aaliyah, family, and any persons he

needs to contact for securing employment.

**IT IS ORDERED** that the requests in the Defendant's Appeal of Magistrate's Order and

Request for Expedited Hearing Prior to April 22, 2008 in Albuquerque, New Mexico are granted

in part and denied in part.  The Court held an expedited hearing in Las Cruces, New Mexico.  The

Court vacates the Detention Order and grants release on conditions.

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Renee Camacho
   Assistant United States Attorney
Las Cruces, New Mexico

*Attorneys for the Plaintiff*

David C. Serna
Albuquerque, New Mexico

*Attorneys for the Defendant*